## The final accounting in WILLIAM J. COEY'S Estate.

FULL payments to creditors disallowed in a bankrupt estate. Administratrix charged on a collusive sale. Real estate items stricken from her account. Machinery built into the wall is part of the realty.

THE SURROGATE. There were objections filed to the account of the administratrix by two classes of objectors, viz.: first, by creditors of the estate, who allege that the account does not show all the assets; and, secondly, by the sureties of the administratrix, who contend that she charges herself with real property and its rents, which did not come into her possession.

As to the first class of objectors—Campbell and Russell, creditors.

Their first objection is sustained. The items of payments made in full to certain creditors, are disallowed, it appearing beyond question that the assets of the estate will pay but a small dividend upon its total liabilities.

The second objection is sustained. The sale of the stock on the farm, as made, must be held to be improper. Such a collusive sale, made by a sheriff, would be set aside. The administratrix must be held chargeable with the value of the stock, which was appraised at $1,000 in the inventory of the assets.

All the items relating to real estate held in fee by the deceased must of course be stricken from the account of the administratrix.

As to the second class of objections, made by the sureties.

The first objection is sustained, as to all rents received from property belonging in fee to the intestate.

The second objection sustained. The evidence shows that the machinery in the premises in Marion street is built into the wall and forms a part of it, and that it cannot be removed without tearing down a portion of the build-

ing. It is therefore part of the realty, and the administratrix and her sureties are not responsible for the value. The provisions of the Revised Statutes are very plain and simple, and there is much less difficulty than formerly in separating real from personal estate in such a case. (See *House* v. *House*, 10 *Paige*, 162; *Willard on Exrs.*, 259.)

Decree accordingly.